UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BETONGA NGOASONG ATONGSANG,<br><br>Defendant. | Case No.: 3:24-CR-1059-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BOND RECONSIDERATION**<br><br>**[ECF No. 30]** |
|---|---|

    Before the Court is Defendant's Motion for Bond Reconsideration. ECF No. 30. Defendant was charged in an indictment issued by a Grand Jury in the Southern District of California. ECF No. 1. Defendant was arrested in the Southern District of Ohio on August 8, 2024. ECF No. 13. Defendant was removed to the Southern District and had his initial appearance here on August 19, 2024, before the undersigned. ECF No. 15. At his initial appearance, the undersigned noted that Defendant had exercised his right to have a detention hearing before Magistrate Judge Caroline H. Gentry in the Southern District of Ohio, and Judge Gentry ordered him detained. A copy of Judge Gentry's Decision and Order Granting Plaintiff's Oral Motion for Pretrial Detention is attached to the Government's Opposition to the instant motion. ECF No. 32.

    Judge Gentry found that Defendant should be detained pending trial because the Government had shown: 1) by a preponderance of the evidence that no condition or combination of conditions would reasonably assure his appearance in Court, and 2) by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of other persons and the community if Defendant were released. ECF No. 32, at 7. Judge Gentry's findings were based on information proffered by the Government regarding Defendant's alleged participation in a transnational human smuggling operation that used fraudulent identity documents to smuggle aliens into the United States who pose a national security threat. ECF No. 32, at 8.

    Defendant now asks this Court to reconsider Judge Gentry's order on the grounds that the Pretrial Services offices in the Southern District of Ohio and this judicial district both recommended that conditions of release be set that could mitigate any concerns about potential flight risk or danger to the community. Defendant points out that he lives in Ohio with his wife and three children. Defendant's wife is pregnant. He is trained as an LPN and employed by Veracity Staffing. ECF No. 30.

    The Government opposes the motion, relying principally on Judge Gentry's order. ECF No. 32.

    The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

    The Court is not persuaded that the Pretrial Services recommendations that conditions of release be set are sufficient to warrant reconsideration of Judge Gentry's order. The Pretrial Services report from this district is based entirely on the facts set forth in the Pretrial Services report from the Southern District of Ohio. ECF No. 21. The information that Defendant provides in his motion is already in the Pretrial Services report and was considered by Judge Gentry, so the Defendant has offered no new or additional facts to support reconsideration of Judge Gentry's order.

Therefore, the Court **DENIES** Defendant's Motion for Bond Reconsideration.

**IT IS SO ORDERED.**

Dated: September 23, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge